IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY BALL, | ) |
| Petitioner, | ) |
| v. | ) No. 14 C 5685 |
| KIM BUTLER, Warden, | ) Judge Virginia M. Kendall |
| Menard Correctional Center, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Bobby Ball is incarcerated at the Menard Correctional Center in Menard, Illinois, in Kim Butler's custody. (Dkt. No. 9 at 1). Ball is serving a fifty-five year sentence for felony murder and home invasion. (*Id.*). Ball now petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Alternatively, Ball moves the Court to stay these proceedings to allow him to exhaust any state court remedies available to him. (Dkt. No. 14 at 4). Upon review of the state court record, the Court concludes that Ball's federal petition is procedurally defaulted. The Court therefore dismisses Ball's amended habeas petition (Dkt. No. 9) with prejudice, denies Ball's motion to stay, and declines to issue a certificate of appealability.

## BACKGROUND

Following a 2008 bench trial in the Circuit Court of Cook County, Illinois, Ball was convicted of felony murder, 720 ILCS 5/9-1(a)(3), and home invasion, 720 ILCS 5/12-11(a)(2).[1] (Dkt. No. 12-1 at 1). Following his conviction, Ball appealed to the Illinois Appellate Court for

---

[1] Statute renumbered as 720 ILCS 5/19-6 on January 1, 2013.

the First District, arguing that he was denied due process of law because the trial court shifted the burden of proof during a suppression hearing and that he was denied a fair trial when his statements were used against him in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004). (Dkt. No. 12-2 at 20 & 27). On December 28, 2010, the Illinois Appellate Court affirmed both of Ball's convictions. (Dkt. No. 12-1 at 1). Ball subsequently filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, which was denied on March 30, 2011. (Dkt. No. 12-6).

Ball filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1 on October 17, 2011 asserting, among other things, that (1) police officers involved in his investigation deprived him of his due process rights when they failed to videotape an interview with him, (2) trial and appellate counsel provided ineffective assistance of counsel when they failed to argue that claim, and (3) the prosecutor at his trial knowingly concealed information that blunt force injuries contributed to the victim of the underlying crime's death and presented false evidence that the victim died from a gunshot wound. (Dkt. No. 12-12 at C00080-C00107). Finding Ball's contentions to be meritless, the trial court denied the post-conviction petition. (Dkt. No. 12-12 at C00076). Upon appeal, the Illinois Appellate Court for the First District appointed counsel. (Dkt. No. 12-8). Appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that the appeal would "be without arguable merit." (Dkt. No. 12-8 at 3). On May 16, 2013, the Illinois Appellate Court granted appointed counsel's motion to withdraw and affirmed the judgment of the trial court dismissing Ball's post-conviction petition. (Dkt. No. 12-7 at 4).

Important to the viability of Ball's federal petition, Ball's *pro se* PLA to the Illinois Supreme Court did not raise the arguments found in his post-conviction petition. (*See* Dkt. No. 12-10). Instead, Ball diverted course and challenged the Illinois Appellate Court's findings

concerning the sufficiency of the evidence at his suppression hearing and at trial to support his convictions and the trial court's admission of certain pieces of evidence, including some of his statements and a 9mm semi-automatic handgun. (Dkt. No. 12-10 at 1-3). Ball also claimed he received ineffective assistance from trial counsel for failing to subpoena witnesses to appear at a hearing to suppress statements made by Ball to police, and received ineffective assistance from appellate counsel for failing to raise an ineffective assistance of trial counsel claim. (Dkt. No. 12-10 at 22-24). Ball additionally argued that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose information concerning an "F.B.I. hat" and that he did not receive a *Miranda* warning. (Dkt. No. 12-10 at 2-3). On January 29, 2014, the Illinois Supreme Court denied Ball's post-conviction PLA. (Dkt. No. 12-11).

This Court received Ball's *pro se* petition for a writ of habeas corpus on July 21, 2014. (Dkt. No. 1). Ball filed an amended petition on November 3, 2014. (Dkt. No. 9). Consistent with his original post-conviction petition in state trial court but disparate from his PLA to the Illinois Supreme Court, in his federal petition, Ball claims that police officers violated his due process rights by failing to videotape an interview with pursuant to 20 ILCS 3930/7.2[2], that trial counsel was ineffective for failing to argue that claim, and that the prosecutor knowingly concealed information that blunt force injuries contributed to the victim's death and presented false evidence that the victim died from a gunshot wound. (Dkt. No. 9). Respondent Kimberly Butler filed an answer on December 5, 2014. (Dkt. No. 11). The Court received Ball's reply on February 23, 2015, over two months past its due date. (Dkt. No. 14). Despite its tardiness, the Court considers Ball's reply in this ruling.

---

[2] On November 19, 2003, the Illinois legislature instituted a Custodial Interview Pilot Program that sought to encourage the videotaping of custodial interviews of suspects in first degree murder investigations. *See* 20 ILCS 3930/7.2.

3

**DISCUSSION**

**A.     Ball's Habeas Petition is Procedurally Defaulted**

Before a federal court will consider his claims, a federal habeas petitioner must exhaust state remedies, *see* 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). "[W]hen a petitioner has exhausted state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A petitioner also procedurally defaults his claims if he fails to raise them in compliance with relevant state procedural rules and the state court's refusal to adjudicate the claim is based upon an independent and adequate state ground. *See Cone v. Bell*, 556 U.S. 449, 465 (2009). Procedural default precludes federal court review of a petitioner's habeas claims. *See Mulero*, 668 F.3d at 536.

Here, Ball failed to present his federal claims through one complete round of state court review, therefore, his petition in this Court is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Woods*, 589 F.3d at 373. In his *pro se* post-conviction petition at the trial court level and in his instant petition, Ball claimed that his due process rights were violated when police failed to videotape an interview with him in accordance with Illinois state law, that trial counsel provided ineffective assistance by failing to make that argument, and that the prosecutor at trial knowingly presented false evidence. Ball presented the same arguments to the Illinois Appellate Court, which subsequently affirmed the trial court's dismissal of his post-

conviction petition. But Ball's ensuing PLA to the Illinois Supreme Court raised none of the original arguments found in his post-conviction petition and federal petition. Because those contentions were not presented to the Illinois Supreme Court in Ball's post-conviction PLA, his instant federal petition is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 848 (where petitioner's amended federal habeas petition "raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court[,]" those claims were procedurally defaulted); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2013) (to avoid procedural default, petitioner must present have presented each claim in his federal petition "in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court").

A federal court may hear a habeas petitioner's procedurally defaulted claim only if he can demonstrate cause and prejudice for the default or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008). A petitioner's failure to raise an argument for either precludes a federal court from considering a defaulted claim. *Id.* Here, Ball makes no attempt to show cause for his failure to present each of his federal claims through one full round of state court review and the Court will not consider them.

Nor will the Court excuse Ball's procedural default based on his bare assertion that failure to do so will result in a "fundamental miscarriage of justice." (Dkt. No. 14 at 3). That exception is "grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Although "actual innocence, if proved, serves as a gateway through which a petitioner may pass"

when the impediment to his petition is a procedural bar, to support a claim of actual innocence, Ball must come forward with new evidence. *McQuiggin*, 133 S. Ct. at 1928; *see Schulp v. Delo*, 513 U.S. 298, 324 (1995). Here, Ball makes no effort to present new evidence or make any argument that he is actually innocent. The fundamental miscarriage of justice exception is accordingly inapplicable and the Court dismisses his habeas petition with prejudice.

**B.      The Court Denies Ball's Motion to Stay**

Ball alternatively moves the Court to stay these proceedings in order to exhaust his state court remedies. (Dkt. No. 14 at 3). The Court has the discretion to stay a "mixed" habeas petition – one that contains both exhausted and unexhausted claims - and hold it in abeyance pending exhaustion of remedies available to the petitioner in state court. A stay should "only be available in limited circumstances" since such action plainly frustrates the Antiterrorism and Effective Death Penalty Act's objectives of "encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Stay and abeyance is only available where (1) there was good cause for the petitioner's failure to exhaust his claim first in state court; (2) the unexhausted claim is potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics." *Id.* at 277-78. It is an abuse of discretion to stay a habeas petition where the petitioner has not demonstrated good cause for the delay or where the unexhausted claims are "plainly meritless." *Id.* at 278.

The Court denies Ball's motion to stay because his procedural default of his federal claims, not a failure to exhaust his state court remedies, is what precludes the Court from hearing Ball's instant habeas petition. Ball pursued a direct appeal of his convictions and submitted a

post-conviction petition in state court. He appealed both the dismissal of his direct appeal and post-conviction petition to the Illinois Supreme Court, thereby exhausting his state court remedies. The problem that plagues Ball's federal petition is that neither of his PLAs to the Illinois Supreme Court on either his direct appeal or post-conviction petition argued the points he raises here. Ball's failure to raise his federal claims in the Illinois Supreme Court is fatal to his petition and is caused by procedural default, not by a failure to exhaust his state court remedies. *See O'Sullivan*, 526 U.S. at 848 (where petitioner failed to raise his federal claims in a PLA to the Illinois Supreme Court, despite having argued them in the Illinois Appellate Court, his "failure to present [the claims] to the Illinois Supreme Court in a timely fashion [] resulted in a procedural default of those claims."). Here, Ball exhausted his state court remedies. He also procedurally defaulted his federal claims in the process. *See, e.g.*, *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001) ("If a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility . . . Under those circumstances, the claim is procedurally defaulted, not unexhausted, and the claim may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default."). As stated above, no basis for excusing Ball's procedural default exists. The Court denies Ball's motion to stay.

C.  **The Court Declines to Issue a Certificate of Appealability**

Because Ball's federal petition is procedurally defaulted, the Court dismisses the petition with prejudice. A petitioner may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). For the reasons discussed above, Ball has not made a substantial showing of the denial of a constitutional right: reasonable jurists would not debate whether the challenges in his habeas petition should been resolved differently or determine that Ball deserves encouragement to proceed further with his habeas claims. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). There can be no dispute that Ball's federal petition is procedurally defaulted and no exceptions apply. The Court therefore declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated herein, the Court dismisses Ball's petition with prejudice, denies his motion to stay, and declines to issue a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 7/28/2015